UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADLEY LEMONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO.: 1:20-cv-00760 |
| v. | ) |
| | ) |
| ANTHONY WATTS and SWIFT | ) |
| TRANSPORTATION CO., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, 28:1441; Defendant, SWIFT TRANSPORTATION CO. ("SWIFT"), by counsel, hereby files this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Removing Party SWIFT, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to them, states as follows:

## VENUE

1. Removal to the Southern District of Indiana, Indianapolis Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces the County of Marion, where the action was pending prior to the filing of this Notice of Removal.

## REMOVAL IS TIMELY

2. On or about February 18, 2020 removing party SWIFT was served by certified mail with a Summons and Complaint in the above-entitled action via its registered agent National Resident Agent Service, Inc. in Indianapolis, Indiana.

3. Defendant Anthony Watts was served on February 14, 2020 at his place of residence in Louisville, Kentucky.

4. Therefore, removal is timely under 28 U.S.C. § 1446 (b)(1).

## STATE COURT PROCEEDINGS

5. On February 11, 2020, Plaintiff Bradley Lemons (hereinafter "Plaintiff") filed his Complaint and Summons in the above-entitled action against Defendants in the Marion County Superior Court in the State of Indiana, Cause No. 49D03-2002-CT-006298 and is now pending therein.

6. On March 2, 2020, Plaintiff filed Return of Service for both defendants.

7. Pursuant to S.D. Ind. L.R. 81-2(d), Defendant SWIFT asserts that there are no state court motions that remain pending at the time of this Notice of Removal.

## DIVERSITY JURISDICTION EXISTS

8. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

9. Plaintiff Bradley Lemons is a citizen of the State of Indiana.

10. Defendant Anthony Watts is a citizen of the Commonwealth of Kentucky.

11. The citizenship of unincorporated associations such as Defendant is "the citizenship of all the limited partners, as well as of the general partner." *Hart v. Terminex Int'l*,

336 F.3d 541, 542 (7th Cir. 2003); *see also Hicklin Engineering, L.C. v. R.J. Bartell*, 439 F.3d 346-347-48 (7th Cir. 2006) (the citizenship of a limited liability company is that of its members). "[T]he citizenship of unincorporated associations must be traced through however many layers of partners or members there may be. *Hart*, 336 F.3d at 543. The "layers" of Defendant's partners and members in this matter can be traced as follows:

    a. Swift Transportation Company is a limited liability corporation organized under the laws of Delaware with its principal place of business in Phoenix, Arizona.

    b. The sole member of Swift Transportation Company is Knight-Swift Transportation Holdings, Inc., which is a Delaware corporation with its principal place of business in Phoenix, Arizona.

12. Because Swift Transportation Company is not incorporated in Indiana or have its principal place of business in Indiana, it is not a citizen of the State of Indiana for purposes of diversity jurisdiction.

13. There is complete diversity of citizenship between the parties named in this case.

14. Plaintiff's Complaint for Damages does not demand a specific sum of monetary damages. The State of Indiana does not permit a demand for a specific sum or permit recovery of damages in excess of the amount demanded. Therefore, this Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, based upon the following:

    a. Plaintiff's Complaint alleges that Plaintiff suffered permanent injuries and damages. Compl. ¶ 8. In addition, Plaintiff has incurred lost wages, medical bills, property damage, physical and mental pain and suffering, and a diminished quality of life. *Id.* at 9-11.

    b. On March 3, 2020, Plaintiff's counsel reported to Defendant's counsel that Mr. Lemons sustained a jammed shoulder, has undergone multiple injections, and participated in physical therapy.

    c. Defendant's counsel has requested that Plaintiff's counsel execute a stipulation and covenant not to execute for $75,000, exclusive of interest and costs, if Plaintiff wished to stay in State Court, and said request was denied.

    d. Plaintiff's counsel has conveyed his belief that the case value will exceed $75,000, exclusive of interests and costs, if the parties are to continue litigation.

15. Based upon the injuries alleged and damages claimed by Plaintiff, he seeks recovery in excess of $75,000 exclusive of interest and costs, the value to Plaintiff of the relief sought in the Complaint exceeds $75,000 exclusive of interest and costs, and/or the amount in controversy exceeds $75,000 exclusive of interest and costs.

16. Therefore, this state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1441 and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division; (2) this action is between citizens of different States; (3) the amount in controversy exceeds $75,000, exclusive of interest and costs.

## STATUTORY REQUIREMENTS

17. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2, a copy of the entire state court file is attached as an Exhibit and includes the State Court Record as of the date of this Notice of Removal, including the following: Plaintiff's Appearance, Complaint, Summons, and Return of Service for Defendants.

18. Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint is also attached hereto as a separate Exhibit to this Notice of Removal.

19. A copy of this Notice of Removal has been filed in the Marion County Superior Court and all parties have been served with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, Defendant, SWIFT TRANSPORTATION CO. by counsel, respectfully requests that the above-entitled action be removed from the Marion County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division.

**LEWIS WAGNER, LLP**

By: s/*Lesley A. Pfleging*
LESLEY A. PFLEGING, #26857-49A
***Counsel for Defendants***

CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020 a copy of the foregoing Notice of Removal was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Nathan D. Foushee
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN 47404
nathanf@kennunn.com
**Counsel for Plaintiff**

By:   s/*Lesley A. Pfleging*
       LESLEY A. PFLEGING

Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:    317-237-0500
Facsimile:    317-630-2790
lpfleging@lewiswagner.com